THOMAS J. VENNUM

*v.*

HIRAM VENNUM.

BILL IN EQUITY—*proofs.* Where a bill in equity is framed on the theory that there was fraud entitling the complainant to relief, and the proof fails, complainant can not shift his ground and have relief on other grounds upon which the bill does not proceed.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. BLADES & KAY, for the appellant.

Messrs. ROLF, DOYLE & McCULLOCH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought by the appellant against the appellee, setting forth that, at the February term, 1868, of the Iroquois circuit court, a judgment was rendered in favor of John White for the use of appellant, against Henry J. Fry, for the sum of $1344 damages and $20.80 costs; that after the finding of the verdict, and before the rendition of the judgment, Fry sold and disposed of all his property subject to execution to prevent appellant from obtaining satisfaction of his judgment; that Fry is wholly insolvent and has no property out of which satisfaction of the judgment can be had.

The bill further states that, at the November term of said court, a judgment was rendered against the complainant for the sum of $422.80 damages, and costs of suit, in favor of the said Fry for the use of Hiram Vennum; that execution had been issued upon the same and levied on complainant's property.

The bill charges that the last mentioned judgment is the property of said Fry, and being collected for his benefit; that said Hiram Vennum does not own the same, but is colluding with Fry to wrong the complainant. The bill prays that the collection of the last named judgment may be enjoined, and that it be set off and be made to apply as a credit on the first mentioned judgment of the complainant against the said Henry J. Fry.

We have carefully examined the proofs in this case, and find that they fail to sustain the allegations of the bill.

They show that the account on which the judgment in favor of Fry for the use of Hiram Vennum was rendered, was sold and assigned by the former to the latter towards payment of a *bona fide* indebtedness from Fry to Hiram Vennum for borrowed money; that Fry has no real interest in the judgment, and that the whole beneficial interest in it belongs to Hiram Vennum.

Neither the sale and assignment of the account, nor the obtention of the judgment for the use of Hiram Vennum, appear to be fraudulent as to the appellant, Thomas J. Vennum.

The point is made in the argument that the insolvency of one of the parties is a sufficient ground for the court to exercise its equitable jurisdiction in allowing an equitable set-off; that there existed this equitable right of set-off against Fry at the time he transferred the account; that the assignee of a chose in action takes it subject to all the equities which existed against it in the hands of the assignor, including the equitable right of set-off, if any such right existed against the assignor, and that the same relief should be afforded against Hiram Vennum, the equitable assignee, even though there be no fraud, as would have been afforded against Fry had there been no assignment.

It is sufficient to say that the bill makes no such case. It is grounded on fraud and the ownership by Fry of the last named judgment. No equitable right of set-off is shown at the time of the transfer of the account. The allegation of Fry's insolvency is not that it was at that time, but at the time of the filing of the bill.

The decree of the court below dismissing the bill is affirmed.

*Decree affirmed.*